IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TEODORO PAGAN-TORRES,

**Plaintiff,**

v.

COMMISSIONER OF SOCIAL SECURITY

**Defendant.**

**CIVIL NO.** 19-1405 (RAM)

**MEMORANDUM AND ORDER**

Pending before the Court is counsel for Plaintiff Pedro G. Cruz-Sánchez's ("Petitioner" or "Counsel") *Motion for Reconsideration and Alteration of the Court's October 19, 2020 Order [DE29]* (the "*Motion for Reconsideration*") and his *Informative Motion in Support*. (Docket Nos. 30 and 35). For the reasons outlined below, Petitioner's *Motion for Reconsideration* is **GRANTED IN PART** and **DENIED IN PART** and the *Informative Motion in Support* is **NOTED**.

I. **PROCEDURAL BACKGROUND**

In this case, Petitioner requested and was granted $1,539.38 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA). (Docket Nos. 22 and 26). Petitioner subsequently requested $23,408.65 for a "total of almost 8 compensable hours" in attorney's fees pursuant to Section 206(b) of the Social Security Act (42 U.S.C. § 406(b)). (Docket No. 27). The Commissioner opposed

Petitioner's request claiming it was untimely and that the amount was unreasonable. (Docket No. 28).

The District Court ultimately granted Petitioner's request in part, by issuing the following order:

> Counsel for plaintiff Perez-Ortiz has moved for attorney's fees under 42 U.S.C. § 406(b)(1). (Docket No. 27). The Commissioner duly opposed counsel's motion. (Docket No. 28). After examining both parties' briefs, the Court finds that an Equal Access to Justice Act award of $1,200.00, which is eight (8) hours times $150 per hour, is reasonable.

(Docket No. 29). Per the text of the order, it is evident that the Court granted an additional fee under the EAJA, rather than 42 U.S.C. § 406(b)(1). Id.

Petitioner thus filed the pending *Motion for Reconsideration* asserting that the duplicative order of EAJA fees cannot be effectuated, asking the Court to vacate its order at Docket No. 29, and requesting that the Court award attorney's fees pursuant to Section 206(b). (Docket No. 30). Petitioner also filed an informative motion in support of his request. (Docket No. 35).

The present case was subsequently transferred to the undersigned. (Docket No. 36).

## II.  DISCUSSION

Upon review, the Court finds that Petitioner's request for fees pursuant to the Social Security Act is untimely. Although 42 U.S.C. 406(b) "does not contain a specific time deadline for the

filing of an attorney's fee request [,] ... Courts that have analyzed this matter have found that the 'Notice of Award' is the triggering event for the fee petition." Colon-Colon v. Saul, 2021 WL 2232099, at * 2 (D.P.R. 2021) (collecting cases); see also Rodriguez v. Saul, 542 F. Supp. 3d 118, 121 (D.P.R. 2021) (rejecting the argument that receipt of the "closeout letter" is the triggering event, noting that said letter is simply a notice sent to counsel when they have not requested fees under § 406(b) that "has nothing to do with the award amount or its finality.").

Per Counsel's original *Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act § 206(b)*, Petitioner received a Notice of Award ("NOA") for Plaintiff dated **May 9, 2020**. (Docket No. 27 at 3). Notably, Petitioner did not specify when he personally received copy of the NOA. However, Counsel proffered that "[w]e filed the fee request with the Notice of Award (NOA) that was sent to our client, Mr. Julio Perez. After various attempts to get the document, he finally sent us a copy. The NOA has not been notified to us yet by the agency." (Docket No. 35 at 1-2).

Different courts have held that distinct deadlines apply to Section 406(b) requests. See Rodriguez, 542 F. Supp. 3d at 122 (collecting cases). Other judges in this District have routinely held that Fed. R. Civ. P. 54(d)(2)(B) and Local Rule 54's fourteen-

CIVIL NO. 19-1405(RAM)                                                   4

day period from an attorney's receipt of the NOA should be the applicable deadline. *See* Sierra-Rossy v. Comm'r of Soc. Sec. 2021 WL 4483479, at *2 (D.P.R. 2021); Melendez v. Comm'r of Soc. Sec. 2021 WL 4485393, at *1 (D.P.R. 2021).

Local Rule 9(d)(2) was subsequently amended on February 28, 2022 and now provides: "A party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." L. CV. R. 9(d)(2).

While it is unclear whether this rule applies retroactively, Petitioner's Section 406(b) petition is untimely under either the fourteen-day or thirty-day standard. Counsel's original request was filed **October 1, 2020**, *i.e.*, **five months** after the date of the NOA. Notably, Petitioner's argument that he did not receive the NOA from the government is irrelevant. *See* Martinez v. Comm'r of Soc. Sec., 2022 WL 1442006, at *3 (D.P.R. 2022) ("Under both Local Rule 54(b) and Local Rule 9(d)(2), counsel's receipt of the NOA triggers the countdown to file for 406(b) fees; neither standard suggests that counsel must receive the NOA directly from the government."). Counsel has not asserted when he received the NOA,

nor has he articulated any reasons to warrant tolling. Therefore, the Court finds that Petitioner's request is untimely.

### III. CONCLUSION

For the aforementioned reasons, Petitioner's *Informative Motion* at Docket No. 35 is **NOTED,** and the *Motion for Reconsideration* at Docket No. 30 is **GRANTED IN PART** and **DENIED IN PART**. The District Court's previous order at Docket No. 29 is hereby **VACATED**. Counsel Pedro G. Cruz request for attorney's fees pursuant to 42 U.S.C. 406(b) is **DENIED** on untimeliness grounds.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 10th day of April 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge